# No. 25-20377

**IN THE**
**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

Rebecca Fraser,

Plaintiff - Appellant

v.

University of Texas Medical Branch,

Defendant - Appellee

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

**THIRD AMENDED BRIEF OF PLAINTIFF-APPELLANT**
**ORAL ARGUMENT REQUESTED**

SUBMITTED BY:
Nicholas Alban O'Kelly
State Bar No. 15241235
8080 N. Central Expressway
Suite 1700
Dallas, TX 75206
214-233-6154

## I.
## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following list of persons and entities as described in the fourth sentence of rule 28, 2.1 have an interest in the outcome of this case these representations are made in order that the judges of this court may evaluate possible disqualification or recusal:

**Party**

Rebecca Fraser ........................................................................................Plaintiff/Appellant

**Attorney**

Nicholas A. O’Kelly
State Bar No. 15241235
Email: nick@okellylawyer.com
8080 N. Central Expressway Ste 1700
Dallas, Texas 75606
(214) 233-6154 – Telephone

**Party**

University of Texas Medical Branch .................................................... Defendant/Appellee

**Attorney**

Joseph Emeka Nwaokoro
State Bar No.34032916
Email: Nwaokoro@oag.texas.gov
Assistant Attorney General
General Litigation Division Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Phone: (512) 463-2120
Fax: (512) 320-0667

/s/*Nicholas A. O’Kelly*
Nicholas A. O’Kelly

**ATTORNEY FOR PLAINTIFF/APPELLANT**

## II.
## REQUEST FOR ORAL ARGUMENT

Plaintiff-Appellant requests oral argument on this appeal.

# III.
# TABLE OF CONTENTS


I. CERTIFICATE OF INTERESTED PERSONS ........ i

II. REQUEST FOR ORAL ARGUMENT ........ ii

III. TABLE OF CONTENTS ........ iii

IV. TABLE OF AUTHORITIES ........ iv,v,vi

V. STATEMENT OF JURISDICTION ........ 1

VI. ISSUES PRESENTED ........ 2

VII. STATEMENT OF THE CASE ........ 3

1. Procedural and Factual Background… ........ 3

VIII. SUMMARY OF ARGUMENTS ........ 5

IX. ARGUMENT ........ 6

1. Standard under Federal Rule of Civil Procedure 12(b)(6)(a) ........ 6
2. 90-Day Statute of Limitations under Title VII ........ 8
3. EEOC's Notices to Plaintiff and her Counsel were Ambiguous and Unclear ........ 10
4. The Case Law Relied Upon by the District Court is Distinguishable ........ 10
5. The District Court Did Not Give Plaintiff the Opportunity to Provide Documentary Evidence pursuant to FRCP 12(d) ........ 11
6. Plaintiff's Lawsuit Was Timely Filed… ........ 12
7. Equitable Tolling Should Have Been Applied… ........ 14
8. The Court's denial of Plaintiff's Motion for Leave to Amend Was Error ........ 16

X. CONCLUSION ........ 17

CERTIFICATE OF SERVICE ........ 18

CERTIFICATE OF COMPLIANCE ........ 18

**IV.**

**TABLE OF AUTHORITIES**

*Littell v. Houston Independent School District* 894 F. 3d 616, 622 (5th Cir. 2018) (quoting *Ashcroft v Iqbal* 556 U.S 662 678 2009) ........................................................................ 6

*Littell* 864 F 3d at 622 (quoting *Bell Atlantic Corp v. Twombly* 550 U.S. 544.) ......................... 6

*Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (quoting *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982) ........... 6

*Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996) ........................................................... 6

*In re Katrina Canal Breaches Litig., 495 F.3d 191, 205-06 (5th Cir. 2007*) .............................. 7

*Sewell v. Monroe City Sch. Bd.*, 974 F.3d 577, 581 (5th Cir. 2020) ........................................... 7

*Chhim v. University of Texas at Austin 836 F.3d 467, 469 (5th Cir. 2016*) ................................ 7

*42 U.S.C. § 2000e-5(f)(1)* ............................................................................................ 8

*Taylor v. Books A Million, Inc., 296 F.3d 376, 378-79 (5th Cir. 2002*) ...................................... 8

*Barnes v. 7-Eleven Inc., No. 3:23-CV-01019-E, 2024 U.S. Dist. LEXIS 25593, 2024 WL 628014,at *3 (N.D. Tex. Feb. 14, 2024) (citing [*11] Pinkard v. Pullman-Standard, Inc., 678 F.2d 1211, 1218-19 (5th Cir. Unit B 1982*) ......................................................................... 8

*Johnson v. Seagrave Compress - Trinity Co.*, *No. 5:23-CV-209-H-BQ, 2024 WL 2191978, at *2 (N.D. Tex. Mar. 5, 2024)* ............................................................................................ 8

*Johnson v. Seagraves Compress Trinity Co., No. 24-10425, 2024 U.S. App. LEXIS 22867, 2024 WL 4119367 (5th Cir. Sept. 9, 2024)* ............................................................................ 8

*Hunter-Reed v. City of Houston, 244 F. Supp. 2d 733, 740 (S.D. Tex. 2003*) ............................... 8

*Stokes v. Dolgencorp, Inc.*, 367 F. App'x 545, 547-48 (5th Cir. 2010) (quoting *Books A Million*, 296 F.3d at 379)… ............................................................................................... 9

*Jackson-Pringle v. Wash. Metro. Area Transit Auth., No. 20-1880 (JDB), 2022 U.S. Dist. LEXIS 134516, 2022 WL 2982107, at *6 (D.D.C. July 28, 2022*) ................................................... 9

*Ebbert v. DaimlerChrysler Corp., 319 F.3d 103, 116-17 (3d Cir. 2003)* ...................................... 9

*Snerling v. Coahoma Community College No. 4:24-CV_096-MPM-DAS 2025 W: 1828635* .... 10

*Young v Martin Marietta Materials, Inc. No 6:22-CV-00272-JCB WL 18109693 (ED Tex. Nov.*

Case: 25-20375 Document: 39 Page: 6 Date Filed: 01/16/2026

*8, 2022*)……………………………………………………………………………………10

*Woods vs Delta Airlines, Inc. No. 3:24-CV-01759-B-BW 2025WL 963372 (N.D. Tex. March 31, 2025*) ......................................................................................................................10

*W. v. R&K Enter. Sols., No. 3:23-CV-1371-G-BN, 2024 U.S. Dist. LEXIS 150649, 2024 WL 3891533, at *5 (N.D. Tex. July 19, 2024)*..........................................................................11

*Isquith ex rel. Isquith v. Middle S. Utils., Inc., 847 F.2d 186, 196 n.3 (5th Cir.1988)*...............11

*Fed. R. Civ. P. 12(d*)..........................................................................................................12

*FRCP 12(b)(6)* ... ..............................................................................................................13

*United States v. Patterson, 211 F.3d 927, 930 (5th Cir. 2000)*...............................................14

*Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998)*..........................................................14

*Irwin v. Veterans Administration 498 U.S. 89, 96 (1990)* ....................................................14

*Hood v. Sears Roebuck & Co., 168 F.3d 231, 232 (5th Cir. 1999*)........................................14

*Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005*).............. 14

*Espinoza v. Missouri Pacific Railroad Co*.......................................................................... 15

*Prather v. Neva Paperbacks, Inc.*, 446 F.2d 338, 340 (5th Cir. 1971) ....................................15

*Baldwin County Welcome Centre v. Brown* 466 U.S. 147 (1984) ..........................................15

*Campbell v. Tunica Convalescent Center. Inc. 1999 U.S. Dist. Lexis 3756* 1 ..........................15

*FED. R. CIV. P. 15(a)(2)* ........................................................................................................16

*United States ex rel. Willard v. Humana Health Plan of Tex. Inc., 336 F.3d 375, 386 (5th Cir. 2003)* ......................................................................................................................16

*Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962) ........................................ 16

*In re Southmark Corp.*, 88 F.3d 311, 314-15 (5th Cir. 1996)................................................................. 16

*Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000) (quoting *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000)).......................................................................................................... 16

*McAfee v. 5th Circuit Judges*, 884 F.2d 221, 222-23 (5th Cir. 1989) .................................................. 16

*United States ex rel. Jamison v. McKesson Corp.*, 649 F.3d 322, 326 (5th Cir. 2011) (quoting *United States ex rel. Reagan v. E. Tex. Med. Ctr. Reg'l Healthcare Sys.*, 384 F.3d 168, 173 (5th Cir.

2004))……………………………………………………………………………………………….16

## V.
## <u>STATEMENT OF JURISDICTION</u>

This is an appeal from a final judgment entered by the U.S. District Court in the Southern District of Texas. This court has appellate jurisdiction under 28 U.S.C. s.1291.

# VI.
# <u>ISSUES PRESENTED</u>

1. Whether the District Court committed error when it determined that Plaintiff’s complaint under Title VII was untimely filed and thereafter dismissed Plaintiff’s claim with prejudice for lack of jurisdiction.

2. Whether the District Court committed error when it elected to treat Defendant’s Rule 12(b)(6) motion as a Rule 56(a) motion without affording the Plaintiff the opportunity to respond to Defendant’s motion with documentary evidence pursuant to Rule 12(b)(2)

3. Whether the District Court committed error when it failed to allow the doctrine of equitable tolling of the 90-day statutory period denied the Plaintiff her right to proceed with her civil action.

4. Whether the District Court committed error when it declined Plaintiff’s motion to amend the complaint.

## VII. STATEMENT OF THE CASE

### 1. Procedural and Factual Background

This is a sex discrimination and retaliation case brought under Title VII wherein Plaintiff alleges that between May 20, 2020, through January 2021, her manager sexually harassed her in the workplace despite repeated requests that she stop. Plaintiff also complained to her manager and to Human Resources. As a result of this harassment, Plaintiff took medical leave under the FMLA and was terminated on June 11, 2021. (ROA. 25-20377.7- ROA. 25-20377.8)

Plaintiff filed timely charge with the EEOC alleging sex discrimination, harassment and retaliation in violation of Title VII and Chapter 21 of the Texas Labor Code. (ROA. 25-20377.81) At the time of filing, Plaintiff resided in Lampasas, TX. While Plaintiff's EEOC charge was still pending, she moved to Wills Point without notifying the EEOC of her change in address. (ROA. 25-20377.169, ROA.25-20377.222 - ROA. 25-20377.223)

On December 1, 2022, the EEOC issued a Determination and Notice of Right to Sue to the Plaintiff at her former address. Plaintiff did not receive this Notice. (ROA. 25-20377.169)

That same day the EEOC emailed Plaintiff's counsel stating that it had concluded its investigation of Plaintiff's charge and is immediately prepared to issue a Notice of dismissal and a Notice of Right to Sue. (ROA. 25-20377.169) Later that day the EEOC emailed Plaintiff and Plaintiffs' counsel a new document that would be available to be downloaded on the EEOC portal. (ROA. 25-20377.194) The court determined that this new document was in fact a notice of right to sue. (ROA. 25-20377.223)

On December 9, 2022, The EEOC issued a "reminder notice" that a Notice of Right to Sue had been issued. (ROA. 25-20377.195) This was the first Notice that Plaintiff's Counsel Received stating that a Notice of Right to Sue had been issued.

Plaintiff filed its complaint on March 8, 2023, approximately 89 days after Plaintiff counsel's receipt of the email dated December 9, 2022, (ROA. 25-20377.7)

On October 16, 2023, Plaintiff filed her first amended complaint asserting claims for:

a. sexual harassment, hostile work environment and retaliation under Title VII of the Civil Rights Act of 1964;

b. sexual harassment and hostile work environment and retaliation under Chapter 21 of the Texas Labor Code; and

c. Interference and retaliation under the Family Medical Leave Act (FMLA)

(ROA. 25-20377.71 - ROA. 25-20377.74)

On October 30, 2023. Defendant filed a motion to dismiss pursuant to FRCP 12(b)(5) and 12 (b)(6). (ROA. 25-20377.104)

On August 23, 2024, the District Court dismissed the Plaintiff's FMLA claims and state discrimination/retaliation claims on the grounds that Defendant was immune from such claims under sovereign immunity. (ROA. 25-20377.167)

The Court denied the Defendant's 12(b)(5) motions but allowed Plaintiff to amend its complaint and show circumstances demonstrating that the complaint was timely filed within 90 days of the Plaintiffs receipt of the Notice of Right to Sue. (ROA. 25-20377.167)

Plaintiff filed its amended complaint on September 4, 2024, and represented that Plaintiff Counsel's first notice of the Notice of Right to Sue was received on December 9, 2022. (ROA. 25-20377.169)

On September 18, 2024, the Defendant filed a second motion to dismiss on the grounds that the Plaintiff's Title VII claim was untimely. (ROA. 25-20377.183)

On August 20, 2025, eleven months later, the district court dismissed Plaintiff's Title VII claims with prejudice on the grounds that Plaintiff's complaint was untimely. (ROA. .232)

Plaintiff filed a timely appeal on September 2, 2025, and now presents this memorandum in support of its appeal. (ROA. 25-20377.234)

## VIII.
## SUMMARY OF ARGUMENTS

1. The District Court committed error when it departed from the standard under FRCP 12(b)(6) and declined to accept as true the factual statements in the Plaintiff's complaint which stated that:

   a. Plaintiff was the victim of harassment who;

   b. timely filed a charge of discrimination; and

   c. filed a timely complaint within 89 days of her counsel's receipt of the Notice of Right to Sue.

2. By electing to treat a Rule 12 (b)(6) motion as a Rule 56 motion, the District Court not only failed to afford the Plaintiff the opportunity to present additional evidence, the court cited Plaintiff's failure to provide such evidence that was outside of the pleadings as grounds for dismissal.

3. The 90-day rule is not a jurisdictional prerequisite. Consequently, the district court's dismissal of Plaintiff's amended complaint for lack of jurisdiction was error. The court should have allowed the parties to pursue discovery and thereafter address the issue of timeliness through a Rule 56 motion so that both parties have the benefit of using evidence obtained through discovery. Many of the district court's cited authorities in support of its ruling were based on findings made in a Rule 56 motion which is distinguishable from the instant Rule 12(b)(6) motion.

4. The district court failed to apply the doctrine of equitable tolling after Plaintiff presented facts demonstrating that there was confusion in the communications between the EEOC and Plaintiff's counsel over the date when the Notice of Right to sue was issued and received. Considering the undisputed facts stated in the Plaintiff's complaint and the fact that timeliness of filing is not a jurisdictional issue, tolling should have been allowed.

5. The District Court committed error when it refused to allow the Plaintiff to further amend the

complaint to provide further information and facts in support of its claim of timeliness. To the extent that motions for leave to amend are freely given, the court abused its discretion by denying the Plaintiff's motion.

**IX.**
**<u>ARGUMENT</u>**

**1. Standard under Federal Rule of Civil Procedure 12(b)(6)**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)(a), a complaint need not contain detailed factual allegations; Rather, it needs only alleged facts sufficient to state a claim for relief that is plausible on its face. See *Littell v. Houston Independent School District* 894 F. 3d 616, 622 (5th Cir. 2018) (quoting *Ashcroft v Iqbal* 556 U.S 662 678 2009). A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged. *Ashcroft* 556 us at 663. The complaint may proceed even if recovery is very remote and unlikely if the alleged facts raise a right to relief beyond speculation. *Littell* 864 F 3d at 622 (quoting *Bell Atlantic Corp v. Twombly* 550 U.S. 544.)

In the Fifth Circuit, "a motion to dismiss under [R]ule 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (quoting *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982). The Court must accept as true all well-pleaded facts contained in the Plaintiff's complaint and view them in the light most favorable to the Plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

Most of the inferences in the district court's ruling were against the Plaintiff who presented evidence from which a reasonable inference would have been that the complaint was filed within 90 days of the Plaintiff's first receipt of the same. This is the only logical inference to be made

from the e-mail exchange between December 1, and December 9, 2022. The district court's ruling failed to give the Plaintiff the benefit of the logical inferences from the evidence. Accordingly, the order of dismissal should be set aside.

Plaintiff's receipt of the Notice of Right to Sue and timeliness in the instant complaint are textbook questions of fact that should have been explored through discovery. Then if warranted, the timeliness of the complaint could be made the subject of a Rule 56 motion. While courts may consider a rule 12(b)(6) motion under rule 56, it is imperative that the court give both parties the Opportunity to both present additional documentary evidence. FRCP 12(b)(2).

In deciding a motion to dismiss for failure to state a claim on which relief may be granted under Rule 12(b)(6), the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the Plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). Such a motion therefore is "not meant to resolve disputed facts or test the merits of a lawsuit" and "instead must show that, even in the Plaintiff's best-case scenario, the complaint does not state a plausible case for relief." *Sewell v. Monroe City Sch. Bd.*, 974 F.3d 577, 581 (5th Cir. 2020).

The facts stated in Plaintiff's amended complaint are not conclusory, but factually specific. Accordingly, they must be accepted as true for purposes of Rule 12 (b)(6). Consequently, Plaintiff's statement in her amended complaint that her first receipt of the Notice of Right to Sue occurred on December 9, 2022, must be accepted as true. *Chhim v. University of Texas at Austin* 836 F.3d 467, 469 (5th Cir. 2016).

Plaintiff's amended complaint succinctly states the events preceding the filing of the instant lawsuit to demonstrate that it was timely. The district court should have accepted Plaintiff's factual allegations as true rather than disregard them. This is why discovery is available for both parties

to refute any statements set forth in the complaint or the responsive pleading and hereafter address them pursuant to FRCP 56.

**2. 90- Day Statute of Limitations under Title VII**

42 U.S.C. § 2000e-5(f)(1) requires suit to be brought within 90 days of a Plaintiff's receipt of Notice of Right to Sue. (Emphasis added) Before an individual can pursue a Title VII claim in federal court, the charging party must exhaust its available administrative remedies by filing a charge with the Equal Employment Opportunity Commission ("EEOC"). *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002). The 90-day statutory period is strictly construed and "is a precondition to filing suit in district court." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002). (quotation omitted); *see also Barnes v. 7-Eleven Inc.*, No. 3:23-CV-01019-E, 2024 U.S. Dist. LEXIS 25593, 2024 WL 628014, at *3 (N.D. Tex. Feb. 14, 2024) (citing [*11] *Pinkard v. Pullman-Standard, Inc.*, 678 F.2d 1211, 1218-19 (5th Cir. Unit B 1982). The Plaintiff fully complied with these requirements in the instant case.

The 90-day requirement is not a jurisdictional prerequisite. The 90 days begin when the Plaintiff receives the right-to-sue letter. *Johnson v. Seagrave Compress - Trinity Co.*, No. 5:23-CV-209-H-BQ, 2024 WL 2191978, at *2 (N.D. Tex. Mar. 5, 2024), *adopted*, 2024 U.S. Dist. LEXIS 69311, 2024 WL 1597751 (N.D. Tex. Apr. 12, 2024), *aff'd sub nom. Johnson v. Seagraves Compress Trinity Co.*, No. 24-10425, 2024 U.S. App. LEXIS 22867, 2024 WL 4119367 (5th Cir. Sept. 9, 2024) (unpublished); *see Hunter-Reed v. City of Houston*, 244 F. Supp. 2d 733, 740 (S.D. Tex. 2003) ("[T]he ninety-day period [begins] on the date that notice is received at the address supplied to the EEOC by the claimant." (internal quotation marks and citations omitted))

"When the Plaintiff does not assert that she received her notice on a specific date, [the

Court] may presume that she received it between three and seven days after it was mailed." *Stokes v. Dolgencorp, Inc.*, 367 F. App'x 545, 547-48 (5th Cir. 2010) (quoting *Books A Million*, 296 F.3d at 379). The Court may also "presume that the date of issuance is the date of mailing." (citations omitted).

In the instant case, Plaintiff's complaint clearly states that Plaintiff through her counsel first received the Notice of Right to Sue via email on December 9, 2022 when it received the reminder email from the EEOC.

The district court acknowledged in its ruling that the Fifth Circuit has not addressed the appropriate means by which a Plaintiff or her counsel receives notice of the right to sue. The court turned to decisions and recommendations in other courts, which have held that a Plaintiff has "90 days to file suit from the date they receive sufficient notice, regardless of the medium in which that notice is conveyed." *Jackson-Pringle v. Wash. Metro. Area Transit Auth.*, No. 20-1880 (JDB), 2022 U.S. Dist. LEXIS 134516, 2022 WL 2982107, at *6 (D.D.C. July 28, 2022); *Ebbert v. DaimlerChrysler Corp.*, 319 F.3d 103, 116-17 (3d Cir. 2003) (finding oral notice of the right to sue was insufficient only because claimant was not informed [*12] of the 90-day statute of limitations). Notwithstanding these rulings, some of which are unpublished, the issue of timely filing of A complaint from the date of receipt of the Notice of Right to Sue remains unclear.

Plaintiff's complaint survives this standard because it states specific facts setting forth when the Notice of Right to Sue was issued and when it was received. Using the plain language of the complaint, the district court was presented with a factual statement that the Notice of Right to Sue was received on December 9, 2022.

This is significant because the District Court acknowledged that had it accepted the factual representations in the amended complaint as true, then it was matter of record that Plaintiff's

Case: 25-20375 Document: 39 Page: 17 Date Filed: 01/06/2026

earliest receipt of Notice of Right to Sue was December 9, 2022, and Plaintiff's complaint filed on March 8, 2023, was timely.

**3. EEOC's notices to Plaintiff and her Counsel were Ambiguous and Unclear**

The EEOC's Notification to Plaintiff that it had concluded its investigation does not constitute receipt of notice for purposes of triggering the 90-day limitations. As noted above, there is no binding 5th Circuit precedent which addresses whether an e-mail from the EEOC notifying a claimant that a new document is ready to download constitutes receipt of Notice. See *Snerling v. Coahoma Community College* No. 4:24-CV_096-MPM-DAS 2025 W: 1828635. This supports a further inference in the Plaintiff's favor that the receipt of notice did not occur until December 9, 2022.

**4. The Case Law Relied Upon by the District Court is Distinguishable.**

The case law relied on by the district court to support its ruling that notice was given on December 1, 2022, is distinguishable and further demonstrates the district court's error in its ruling. In *Young v Martin Marietta Materials*, *Inc*. No 6:22-CV-00272-JCB WL 18109693 (ED Tex. Nov. 8, 2022) *report and recommendation adopted* (NO 6:22-CV-00272, 2023 WL 36069 (E.D. Tex, Jan. 4, 2022) the Magistrate considered the Rule 12(b) (6) motion as a motion under Rule 56 motion. Thus, the Magistrate had the benefit of summary judgment evidence that goes far and beyond the factual pleadings in the complaint. Plaintiff has not yet been afforded the opportunity to obtain documentary evidence though discovery. The district court's reliance on *Woods vs Delta Airlines, Inc.* No. 3:24-CV-01759-B-BW 2025WL 963372 (N.D. Tex. March 31, 2025) was also in error. In *Woods*, the Plaintiff was pro se and did not file her complaint until 189 days after her receipt of the Notice of Right to Sue, even though she was reminded several times by the EEOC of the pending deadline.

Again, in the case of *Young v. Martin Marietta Materials, Inc*. the EEOC's original notice advising the Plaintiff's counsel that it was closing its investigation of the charge specifically stated that Plaintiff had 90 days to file suit. This unambiguous 90-day warning was not present in the EEOC's December 1, 2022, notice to the Plaintiff's counsel*,* The Plaintiff here was not trying to avoid or delay the filing of her complaint. On the contrary Plaintiff has pled facts showing that her counsel tried to determine when the Notice of Right to Sue would be issued and thereafter filed her complaint within 89 days of acknowledged receipt. This case should not be compared to *Woods* case where the court could easily conclude that Plaintiff sat on her rights.

Further, the parties in *Young* had notice of the Court's election and had the opportunity to introduce additional evidence to support their position, had the district court done so here, Plaintiff could have provided additional evidence in the form suggested by the court which would have created an issue of fact. These factual issues, when properly viewed in the light most favorable to the non-movant would have prevented the entry of judgment. Plaintiff reasonably relied on the provisions of Rule 12(b)(6) that its pleadings would be accepted as true.

**5. The District Court Did Not Give Plaintiff the Opportunity to Provide Documentary Evidence pursuant to FRCP 12(d)**

When a party presents "matters outside the pleadings" with a Rule 12(b)(6) motion to dismiss, the Court has "discretion" to either accept or exclude the evidence for [*15] purposes of the motion to dismiss. *See W. v. R&K Enter. Sols.*, No. 3:23-CV-1371-G-BN, 2024 U.S. Dist. LEXIS 150649, 2024 WL 3891533, at *5 (N.D. Tex. July 19, 2024), *adopted*, 2024 U.S. Dist. LEXIS 149419, 2024 WL 3891838 (N.D. Tex. Aug. 21, 2024) (citing *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 196 n.3 (5th Cir.1988). But "[i]f . . . matters outside the

pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under *Rule 56*," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Fed. R. Civ. P. 12(d).*

The district court considered extraneous evidence submitted by the Defendant before reaching its ruling. Under rule 12(d), The Court should have given the Plaintiff the same opportunity to submit additional evidence in the form of affidavits or postal records to demonstrate the sequence of events. Instead, the district court commented over the Plaintiff's lack of evidence to demonstrate when it received the Notice of Right to Sue.

This was in error. The district court having decided to treat the motion as a Rule 56 motion and accept the Defendant's evidence should have allowed the Plaintiff to submit additional evidence in support of her position. The district court's failure to follow rule 12(d) was prejudicial error.

**6. Plaintiff's Lawsuit Was Timely Filed.**

Title VII provides that claimants have 90 days to file a civil action after receiving such a notice from the EEOC. See *Taylor v. Books-a-million, Inc.* 296 F 3d 376, 378-9 (5th Cir. 2002.) When considering Defendant's motion, the only evidence before this Court was an email exchange with Plaintiff's counsel advising Plaintiff's counsel that the investigation was over and that a document would be available. Nowhere in that e-mail does it say that the" document" was the Notice of Right to Sue.

The first mention of a "Notice" did not occur until December 9, 2022, when the EEOC sent Plaintiff's counsel a reminder e-mail and specifically uses the term "Notice." Any ambiguity over the content of the EEOC's December 1, 2022, e-mail is resolved and superseded by the December 9, 2022 email.

Case: 25-2037 Document: 27-1 Page: 20 Date Filed: 01/06/2026

Defendant attempted to argue that the simple assertion that the emails were sent to the wrong address should be disregarded in the absence of evidence in the form of testimony or postal evidence to corroborate this statement. This is the type of evidence that is typically found through discovery and then followed by a Rule 56 motion. Plaintiff's assertion that the Notice of Right to Sue was not received until December 9th is sufficient to withstand a motion to dismiss. The evidentiary proof sought by the Defendant is available through discovery and need not be produced at this stage of the proceedings. Plaintiffs evidence was more than sufficient to establish that the earliest receipt of notice was December 9, 2022.

The District Court determined that the notice of right to sue was in fact issued on December 1, 2022. Yet the plain language of the EEOC's e-mail indicates that a decision has been made and further states that a subsequent document will be issued.

While this may qualify as notice in some jurisdictions it is sufficiently ambiguous to allow the Plaintiff the benefit of doubt. Defendant provided nothing to refute this statement which should be allowed to stand for purposes of *FRCP 12(b)(6).*

Defendant's own evidence provides that on December 1, 2022, The EEOC e-mailed Plaintiff and her counsel that a new document was available to download. Nowhere does it state the contents of the document. The only other entry is the notice that an important document was available. There is no mention of a Notice of Right to Sue.

This is where the confusion lies. This confusion is compounded by the fact that Plaintiff's council asked the EEOC via email whether the right to sue has been issued. Normally when Right to Sue letters are issued, they are sent directly to the party and their attorney. What happened here was there was notice that it was available. Nowhere in the two notices that sent to the Plaintiff or her counsel does it say that a Notice of Right to Sue was issued. Plaintiff's counsel

understandably inquired of the EEOC as to when the Right to Sue letter had been issued and was given express notice on December 9, 2022.

The Court should not overlook the fact that the EEOC sent a reminder e-mail to Plaintiff's counsel on December 9, 2022. A logical inference from this second e-mail is that the first e-mail was not sufficiently clear as to when the notice of right to sue would be issued.

Consequently, there was no need for the Court to go through the exercise of presuming when receipt was received, since the only evidence before this Court shows that Plaintiff's counsel did not receive Notice until December 9, 2022. This is the date from when the 90-day statute of limitations should have run. The Court's calculation of an earlier date considering such ambiguities was in error. Accordingly, the order of dismissal should be set aside and the motion for a new trial should be granted.

**7. Equitable Tolling Should Have Been Applied**

The instant case cries out for the application of the doctrine of equitable tolling. The doctrine of equitable tolling preserves a Plaintiff's claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir.2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998)). But it is a device extended sparingly. *Irwin v. Veterans Administration 498 U.S. 89, 96 (1990)* And the party seeking equitable tolling bears the burden of justifying it. *Hood v. Sears Roebuck & Co.*, 168 F.3d 231, 232 (5th Cir. 1999). Generally, a Plaintiff seeking equitable tolling must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in [*9] his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005).

Plaintiff has made every effort to pursue this claim by filing a timely charge with the EEOC and thereafter being available to answer any questions to assist with the investigation. Other than

Case: 25-20375 Document: 27-1 Page: 22 Date Filed: 01/06/2026

the confusion over the date when the notice of right to sue was received, Plaintiff has diligently pursued this claim and responded to all of the Defendants' motions.

In the context of Title VII and the 90-day rule, the Fifth Circuit has held that commencing an action within ninety days of receipt of a Right-to-Sue letter is not a jurisdictional prerequisite.

Consequently, the ninety-day requirement may be subject to tolling or waiver. *Espinoza v. Missouri Pacific Railroad Co*. The district court, having determined that the Plaintiff failed to timely file her complaint, it becomes necessary to determine whether the facts justify equitable tolling of the filing requirement in this case. The burden is to demonstrate grounds for equitable tolling is on the Plaintiff. *Prather v. Neva Paperbacks, Inc.*, 446 F.2d 338, 340 (5th Cir. 1971).

There are certain circumstances in which equitable tolling of the 90-day period in which to file a discrimination action under Title VII of the Civil Rights Act of 1964 may be justified. These include (1) where notice from the Equal Employment Opportunity Commission (EEOC) does not adequately inform the Plaintiff of the requirement that suit be commenced within the statutory period *Baldwin County Welcome Centre v. Brown* 466 U.S. 147 (1984), followed by *Campbell v. Tunica Convalescent Center. Inc.* 1999 U.S. Dist. Lexis 3756.

It is clear from the above case law that the Plaintiff's situation is not unique but rather a common occurrence due to ambiguous notification from the EEOC. It is also apparent that the doctrine of tolling should have been applied and it was error not to do so. There is no evidence that the Plaintiff or her counsel sat on her rights. On the contrary, there was an ongoing diligent effort to pursue this in sharp contrast to the EEOC's delay in processing the complaint and the district court's delay in making its ruling. The doctrine of equitable tolling is clearly warranted.

**8. The Court's Denial of Plaintiff's Motion for Leave to Amend Was Error.**

Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend shall be freely given "when justice so requires." FED. R. CIV. P. 15(a)(2). The Fifth Circuit has further counseled that leave to amend should be granted freely, "absent some justification for refusal." *United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 386 (5th Cir. 2003). Whether **[*4]** a motion to amend should is within the discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962).

When exercising its discretion, the court may consider such factors as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment. *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962).

A court may consider the futility of the amendment. *In re Southmark Corp.*, 88 F.3d 311, 314-15 (5th Cir. 1996). To determine "futility," the Fifth Circuit applies " 'the same standard of legal sufficiency as applies under Rule 12(b)(6).' " *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000) (quoting *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000)).

The Fifth Circuit has also recognized as futile amended claims over which a court would have no jurisdiction. *See McAfee v. 5th Circuit Judges*, 884 F.2d 221, 222-23 (5th Cir. 1989) (leave to amend adding Federal Tort Claims Act allegations would be futile where the Plaintiff failed to exhaust administrative remedies, **[*5]** a jurisdictional prerequisite to FTCA suits). However, " 'a challenge under the F[alse] C[laims] A[ct] jurisdictional bar is necessarily intertwined with the merits' and is, therefore, properly treated as a motion for summary judgment." *United States ex rel. Jamison v. McKesson Corp.*, 649 F.3d 322, 326 (5th Cir. 2011) (quoting *United States ex rel. Reagan v. E. Tex. Med. Ctr. Reg'l Healthcare Sys.*, 384 F.3d

168, 173 (5th Cir. 2004)).

Plaintiff has consistently alleged a valid cause of action under Title VII And has properly invoked the jurisdiction of The District Court and this Court of Appeals. The Defendant would not have been prejudiced had the District Court granted Plaintiff's request for leave to amend one more time. The only delay to date has been the length of time between the filing of the motion and the court's ruling on the same. The court could have better specified what it was looking for in the amended pleading. Plaintiff reasonably relied on FRCP 12(b)(6) which requires that all pleadings be accepted as true. The Court went beyond the pleadings to look at additional evidence and therefore should have allowed the Plaintiff to amend its complaint or denied the Defendant's motion and so the parties could engage in discovery. Then both parties could address the issue through a FRCP 56 motion with the benefit of discovery which has yet to take place.

## X.
## CONCLUSION

For the foregoing reasons, Plaintiff- Appellant respectfully requests that this Court reverse and remand this matter So that the parties may proceed to trial.

Respectfully submitted,

**LAW OFFICES OF NICK O'KELLY, PLLC**

By: /s/ *Nicholas A. O'Kelly*
Nicholas A. O'Kelly
State Bar No. 15241235
The Law Offices of Nick O'Kelly, PLLC.
8080 North Central Expy, #1700
Dallas, TX 75206
Office Phone: (214) 233-6154
Email: nick@okellylawyer.com

**ATTORNEY FOR PLAINTIFF APPELLANT**

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of March, 2026, I electronically filed the foregoing document with the Clerk of the Court for the FOR THE FIFTH CIRCUIT via the CM/ECF system which will send notification of such filing to the following:

**JOSEPH NWAOKORO**
**OFFICE OF THE ATTORNEY GENERAL**
General Litigation Division
P.O. Box 12548, Austin, TX 78711
**joe.nwaokoro@oag.texas.gov**
**mary.sifuentes@oag.texas.gov**

*Attorney for Appellee*
*University of Texas Medical Branch*

/s/*Nicholas A. O'Kelly*
Nicholas A. O'Kelly

## CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rules of Appellate Procedure 9.4, I hereby certify that this document contains 4,814 words, not including portions of this document excluded from the word count by TEX. R. APP. P 9.4(i)(l). This document was generated using Microsoft Word Version 2021 using Times New Roman 12 point font. In making this certificate of compliance. I am relying on the word count provided by the software used to prepare this document.

/s/*Nicholas A. O'Kelly*
Nicholas A. O'Kelly